# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | CASE NO. 1:11-cv-00728-AWI-BAM PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | (ECF No. 5) |
| PITTMAN, et al., | ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT AND STRIKING SECOND AMENDED COMPLAINT |
| Defendants. | |
| | (ECF Nos. 19, 20) |

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on May 6, 2011. Currently before the Court is Plaintiff's first amended complaint, filed May 13, 2011. (ECF No. 5.) On October 17, 2011, Plaintiff filed a motion to file a second amended complaint, and a second amended complaint was lodged. (ECF Nos. 19, 20.)

**I.      Motion to File Amended Complaint**

Plaintiff filed a motion to file a second amended complaint, however the lodged second amended complaint is only a single page with no complaint attached. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Given that Plaintiff's first amended complaint is being dismissed,

1

1  with leave to amend, Plaintiff's motion for leave to file a second amended complaint shall be denied
2  as moot.

3  **II.        Screening Requirement**

4         The Court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks
8  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

9         In determining whether a complaint states a claim, the Court looks to the pleading standard
10 under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and
11 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).
12 "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it
13 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.
14 Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
15 544, 555, 127 S. Ct. 1955 (2007)).

16        Under section 1983, Plaintiff must demonstrate that each defendant personally participated
17 in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
18 the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.
19 at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]
20 pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
21 between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting
22 Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations
23 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129
24 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere
25 conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

26 **III.       Discussion**

27        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and
28 is incarcerated at the Valley State Prison for Women in Chowchilla, California.  Plaintiff's first

amended complaint is eighty five pages long and alleges claims against sixty three defendants and forty Does at three different correctional institutions.

Plaintiff is bringing unrelated claims against unrelated parties, which is not permitted. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's amended complaint will, by this order, be dismissed with leave to amend, and the Court will permit Plaintiff to select the claim she wishes to pursue in this action. If Plaintiff alleges multiple claims in her amended complaint which violate the applicable joinder rules, the Court will choose the operative claim and dismiss the unrelated claims. Thus, it behooves Plaintiff to make a good faith determination regarding which claim she seeks to pursue in this action and which other claims should be omitted because they violate the joinder rules.

In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to her claims. Plaintiff should carefully review the standards and amend only those claims that she believes, in good faith, are cognizable.

**IV.   Legal Standards**

    **A.   First Amendment**

        **1.   Freedom of Speech**

The Supreme Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285, 68 S. Ct. 1049, 1060 (1948) overruled on other grounds by McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454 (1991); see also Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804 (1974); Wolff v.

McDonnell, 418 U.S. 539, 555, 94 S. Ct. 2963, 2974 (1974). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration." Jones v. North Carolina Prisoners' Labor Union Inc., 433 U.S. 119, 125, 97 S. Ct. 2532, 2537-38 (1977). While an inmate does retain First Amendment rights that are not inconsistent with his status as a prisoner, a regulation that impinges upon First Amendment rights is valid if it is reasonably related to a legitimate penological interest. Shaw v. Murphy, 532 U.S. 223, 229, 121 S. Ct. 1475, 1479 (2001).

**2.     Retaliation**

A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

**3.     Law Library**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 2177 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354, 116 S. Ct. at 2181-82. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179, 2186-87 (2002); Lewis, 518 U.S. at 351, 116 S. Ct. at 2180.

Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351, 116 S. Ct. at 2180. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

///

### B. Eighth Amendment

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1982 (1994)). Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

#### 1. Failure to Protect/Intervene

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)). A prisoner's rights can be violated by a prison official's deliberate indifference by failing to intervene. Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). However, an officer can only be held liable for failing to intervene if he had a realistic opportunity to intervene and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

#### 2. Excessive Force

The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085 (312). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S. Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, __ U.S. __, 130 S. Ct. 1175, 1178 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of

5

action." Wilkins, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000).

### 3. Verbal Harassment

Prison conditions that are restrictive or harsh do not necessarily violate the Eighth Amendment. Farmer, 511 U.S. at 833, 114 S. Ct. at 1977. Neither verbal harassment nor verbal threats state a cause of action under the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987).

## C. Fourteenth Amendment

### 1. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin, 515 U.S. at 480, 115 S. Ct. at 2298. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088 (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

#### a. Property

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3203-04 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). There is an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

#### b. Administrative Segregation

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin, 515 U.S. 472, 115 S. Ct. 2293. Administrative segregation is the type of

confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S.460, 468, 103 S. Ct. 864, 869 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest merely in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

### c. Title 15

Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986)). There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

### d. False Reports

There is no property or liberty interest in the documents contained in an inmate's central file. Plitt v. Gonzalez, No. 1:08-cv-01352-BLW-LMB, 2011 WL 3813099, *5 (E.D.Cal. Aug. 26, 2011). The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

## 2. Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on

the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000).

### D.  Amended Complaint

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of her complaint.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's first amended complaint is neither short nor plain.  Plaintiff's first amended complaint contains eighty five pages.

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).  Although Plaintiff does state her claims in separate counts, each count contains multiple, unrelated allegations.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out her claims.  Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.  It is Plaintiff's job, not the Court's, to state a claim for each defendant.

Plaintiff must comply with Rules 18 and 20, and twenty-five pages is more than sufficient for Plaintiff to identify her claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's second amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

### V.  Conclusion and Order

For the reasons stated, Plaintiff's first amended complaint is dismissed as violating Federal Rules of Civil Procedure 8, 18, and 20.  Plaintiff is granted leave to file a second amended complaint

within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer, 844 F.2d at 633. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed May 13, 2011, is dismissed for violating Federal Rules of Civil Procedure 8, 18, and 20;

3. Plaintiff's motion to file a second amended complaint, filed October 17, 2011, is DENIED as moot;

4. Plaintiff's second amended complaint, lodged October 17, 2011, is STRICKEN FROM THE RECORD;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

6. Plaintiff's second amended complaint shall not exceed twenty five pages; and

///

7. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:  **April 6, 2012**         /s/ **Barbara A. McAuliffe**
                                  UNITED STATES MAGISTRATE JUDGE