# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | CASE NO. 1:11-cv-00728-AWI-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S OBJECTIONS CONSTRUED AS A MOTION FOR RECONSIDERATION (ECF No. 24) |
| v. | |
| PITTMAN, et al., | ORDER STRIKING SECOND AMENDED COMPLAINT (ECF No. 26) |
| Defendants. | |
| | ORDER DIRECTING THE CLERK OF THE COURT TO MAIL PLAINTIFF A COPY OF THE DOCKET |
| / | THIRTY DAY DEADLINE |

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 9, 2012, an order issued dismissing Plaintiff's first amended complaint, with leave to amend, for failing to comply with Federal Rules of Civil Procedure 8 and 18.[1] (ECF No. 22.) On April 23, 2012, Plaintiff filed objections to the order and a second amended complaint. (ECF Nos. 25, 26.) Plaintiff's objection shall be construed to be a motion for reconsideration. In her objections, Plaintiff requests a copy of the docket for this action. Plaintiff's request for a copy of the docket shall be granted.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or

---

[1] Plaintiff filed a motion for an extension of time to file objections and an amended complaint on April 20, 2012. The motion was denied as moot.

1

present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff requests reassignment to a District Court Judge and complains that the Magistrate Judge did not prepare a findings and recommendations prior to dismissing the complaint. Plaintiff misunderstands that effect of consenting to or declining Magistrate Judge jurisdiction. 28 U.S.C. § 636(b)(1) provides that

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

This matter was referred to the Magistrate Judge pursuant to Section 636 and Local Rule 302.

If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters. If a party declines Magistrate Judge jurisdiction, as Plaintiff did in this case, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge, made pursuant to Section 636 and Local Rule 302, for nondispositive matters and for the issuance of findings and recommendations on dispositive motions. The order at issue here was nondispositive and findings and recommendations were not necessary to dismiss the complaint with leave to amend.

To the extent that Plaintiff objects to the order denying her motion to file a second amended complaint because the complaint was not submitted with her motion, the order dismissing the first amended complaint granted Plaintiff the opportunity to file an amended complaint, and her objection is therefore moot.

Plaintiff alleges that all claims in her complaint are properly brought in the same action due to the proximity of the two institutions, and the claims are related as part of a campaign of harassment and retaliation. Plaintiff's first amended complaint names at least fifty defendants and

1 alleges claims of retaliation, denial of access to the law library, failure to protect, excessive force, deprivation of property, equal protection, verbal harassment, denial of freedom of speech, etc. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). While Plaintiff alleges that her claims all arise out of a campaign of harassment and retaliation, the court finds that Plaintiff's allegations are not sufficiently related to allow Plaintiff to bring them in the same action. The multiple events alleged in the complaint do not arise out of the same transaction or occurrence and do not involve common questions of law or fact. While Plaintiff alleges that the incidents are all retaliatory, that does not make them a series of transactions or occurrences.

Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. George, 507 F.3d at 607. "[U]nrelated claims against different defendants belong in separate suits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits . . ., but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act. Owens, 635 F.3d at 952 (internal punctuation and citations omitted). Plaintiff attempts to bring this action against fifty defendants at two different institutions. This is exactly the "mishmash of a complaint," that was addressed in George, 507 F.3d at 607, and the Magistrate Judge correctly found that Plaintiff's unrelated claims cannot proceed in the same action.

While Plaintiff is correct that her right under the First Amendment to petition the court to address her grievances is unlimited, she still must comply with the Federal Rules of Civil Procedure.

George, 507 F.3d at 607. Requiring Plaintiff to file her unrelated claims in separate actions does not deny her access to the courts, but ensures compliance with the Prison Litigation Reform Act. Owens, 653 F3d at 952. Even where the factual elements are present in the complaint, dismissal for failing to comply with Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff's complaint was properly dismissed for violating the Federal Rules of Civil Procedure. See Franklin v. Flores, 3:12-cv-000703 2012 JSW (PR), WL 1355688 (April 18, 2012); Poye v. California, 2:10-cv-03221 GGH P, 2011 WL 587589 (E.D.Cal. Feb. 9, 2011); Schoppe-Rico v. Littlemoon, No. C 09-0321 JSW (PR), 2010 WL 1233900 (N.D.Cal. March 26, 2010); Diaz v. Coll, 1:02-cv-06353-OWW-WMW (PC), 2008 WL 2783262 (E.D.Cal. July 15, 2008).

Finally, the Court has reviewed Plaintiff's second amended complaint. Plaintiff's complaint names 58 defendants, consists of 126 pages, and includes 164 pages of exhibits. Plaintiff's complaint shall be stricken from the record for failing to comply with the order issued April 9, 2009.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the order dismissing the first amended complaint, filed April 20, 2012, which is construed as a motion for reconsideration is DENIED;
2. Plaintiff's second amended complaint, filed April 23, 2012, is STRICKEN FROM THE RECORD;
3. The Clerk of the Court is directed to mail Plaintiff a copy of the docket in this action;
4. Within thirty days from the date of service of this order, Plaintiff shall file a second amended complaint in compliance with the order issued April 9, 2012; and
5. If Plaintiff fails to file a complaint in compliance with this order, this action shall be dismissed for failure to comply with an order of the court.

IT IS SO ORDERED.

Dated: May 1, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE