# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PITTMAN, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00728-AWI-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND DENYING PLAINTIFF'S MOTION TO STAY THIS ACTION<br><br>(ECF No. 49)<br><br>THIRTY DAY DEADLINE |

Plaintiff Susan Mae Polk ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on May 6, 2011. (ECF No. 1.) On October 22, 2012, an order issued dismissing certain claims and defendants and granting Plaintiff thirty days in which to either file an amended complaint or notify the Court that she is willing to proceed on the claims found to be cognizable in the second amended complaint. (ECF No. 47.) On December 10, 2012, Plaintiff filed a request for judicial notice and motion to stay this action. (ECF No. 49.)

Plaintiff requests the Court take judicial notice of the motion for a temporary restraining order filed in Polk v. Godina, 1:12-cv-01094-LJO-BAM. Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los

1  Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Plaintiff's request for judicial notice is granted and the
2  Court takes notice that Plaintiff's motion for a temporary restraining order was denied on December
3  12, 2012.  Polk v. Godina, 1:12-cv-01094-LJO-BAM (E.D. Cal. Dec. 12, 2012).

4        Plaintiff moves for this action to be stayed until prison officials allow her to access her legal
5  files.  "The district court has broad discretion to stay proceedings as an incident to its power to
6  control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North
7  American Co., 299 U.S. 248, 254 (1936)).  The party seeking the stay bears the burden of
8  establishing the need to stay the action.  Clinton, 520 U.S. at 708.  If there is a fair possibility that
9  the stay will damage the other party, the proponent must make "a clear case of hardship or inequity
10 in being required to go forward."  Landis, 299 U.S. at 255.  The Court considers the following
11 factors when ruling on a request to stay proceedings  the possible damage which may result from the
12 granting of a stay;  the hardship or inequity which a party may suffer in being required to go forward,
13 and the orderly course of justice measured in terms of the simplifying or complicating of issues,
14 proof, and questions of law which could be expected to result from a stay.  Filtrol Corp. v. Kelleher,
15 467 F.2d 242, 244 (9th Cir. 1972) (punctuation and citations omitted).

16       The incidents upon which this action is proceeding occurred over five years ago in 2007.
17 Plaintiff is seeking a stay until she is allowed to access her legal materials.  The Court finds that it
18 would be prejudicial to the defendants in this action to further delay these proceedings and Plaintiff
19 has failed to make "a clear case of hardship or inequity in being required to go forward."  Landis,
20 299 U.S. at 255.  In this instance, the appropriate vehicle to address Plaintiff's concerns is a motion
21 for an extension of time.  Accordingly, Plaintiff's motion for a stay shall be denied, and Plaintiff will
22 be granted an extension of time to respond to the order issued October 22, 2012.  If Plaintiff needs
23 additional time following the extension granted here, the Court will consider further motions for an
24 extension of time setting forth good cause.

25       Accordingly, IT IS HEREBY ORDERED that:
26       1.    Plaintiff's request for judicial notice is GRANTED;
27       2.    Plaintiff's motion for a stay is DENIED;
28       3.    Within thirty days from the date of service of this order, Plaintiff shall either file an

1         amended complaint or notify the Court that she is willing to proceed on the claims

2         found cognizable against Defendants Keith, Logan, Gerber, and Mason; and

3    4.    Failure to file a third amended complaint in compliance with this order will result in

4         this action being dismissed for failure to prosecute.[1]

6    IT IS SO ORDERED.

7    Dated:    **December 13, 2012**                 /s/ **Barbara A. McAuliffe**
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The order issued October 22, 2012, ordered Plaintiff to file a fourth amended complaint, however Plaintiff's third amended complaint was stricken from the record on June 18, 2012. (ECF No. 36.)