UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>    Plaintiff,<br><br>    v.<br><br>PITTMAN, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00728-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE FOR BIAS<br>(ECF No. 64) |

**I.**     **Introduction**

Plaintiff Susan Mae Polk ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2011.  Pending before the Court is Plaintiff's motion to disqualify the undersigned, United States Magistrate Judge Barbara A. McAuliffe, filed January 25, 2013.  The matter is submitted pursuant to Local Rule 230(l).

**II.**     **Motion for Disqualification**

Section 455, Title 28 of the United States Code governs the disqualification of judges or magistrate judges.  Plaintiff cites Section 455 and claims that the undersigned magistrate judge's rulings display a deep seated favoritism and judicial bias.  The Court therefore construes Plaintiff's motion as one brought pursuant to subsections (a) and (b)(1) of Section 455.  Subsection (a) states: "Any . . . judge[] or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Subsection (b)(1) states

1

that a judge or magistrate judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).  The provisions of § 455(a) and (b)(1) are self-enforcing.

Plaintiff also files the motion pursuant to 28 U.S.C. § 144, which states

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, the motion must be referred to another judge for a determination of the merits.  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  The judge to whom the motion is directed is to determine independently whether all the circumstances call for recusal, and such matter rests within the sound discretion of that judge.  Sibla, 624 F.2d at 868.  Motions under §144 are directed to the judge before whom the matter is pending, which in this instance would be the undersigned.  Plaintiff has attached a declaration to her motion.  The Court assumes without deciding that Plaintiff's motion was timely filed.

Having set forth the legal standards, the Court now examines Plaintiff's declaration (affidavit).

<u>Plaintiff's Declaration (affidavit)</u>

Plaintiff identifies instances that she believes are evidence of the undersigned's bias against her.  Plaintiff contends that undersigned made numerous errors in her "Findings and Recommendations," including misquoting Plaintiff and omitting key, contextual facts.  Plaintiff thereafter lists the alleged errors that she believes favor defendants.  (ECF No. 64, pp. 8-12, ¶¶ 1-14.) Plaintiff's allegations are not directed at the undersigned's purported bias, but rather at challenging the Findings and Recommendations issued on June 18, 2012.  (ECF No. 37.)

Plaintiff asserts in her motion that the undersigned has demonstrated bias by implying that she is mentally ill, attacking her credibility and casting doubt on her complaint. Although these assertions are not identified in her declaration, the undersigned finds it appropriate to address these allegations as if incorporated in the declaration. Plaintiff takes issue with the undersigned's findings that:

> [b]ased upon the allegations contained in Plaintiff's complaint, the question of Plaintiff's mental health was at issue. During her criminal trial she underwent a mental health evaluation. The allegation that prison officials found Plaintiff appropriate to receive mental health services does not support a plausible claim that this finding was because of Plaintiff's protective conduct. Plaintiff's disagreement with the findings of the mental health professionals is not sufficient to state a cognizable claim.
> (ECF No. 37, p. 7.)

Plaintiff's presents no evidence other than her own conclusory statement that this characterization of the complaint by the undersigned implicates that she is mentally ill, attacks her credibility or casts doubt on her complaint. The factual finding does not state that she is mentally ill and does not attack her credibility; rather it is part of the Court's evaluation of whether Plaintiff has stated a claim that is facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This is not evidence of the undersigned's bias or prejudice against Plaintiff. Therefore, Plaintiff has raised no arguments in her affidavit or motion that meet the threshold requirement for recusal.

Furthermore, Plaintiff has not been prejudiced by the Findings and Recommendations because the undersigned did not recommend dismissal of Plaintiff's complaint in its entirety. Rather, it was recommended that Plaintiff be given leave to amend to cure certain deficiencies identified in the complaint. At this point, Plaintiff has elected to proceed with a third amended complaint. (ECF No. 65.)

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to disqualify the undersigned, filed on January 25, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **May 13, 2013**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE