UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>            Plaintiff,<br><br>       v.<br><br>PITTMAN, et al.,<br><br>            Defendants. | Case No.: 1:11-cv-00728-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR A PRELIMINARY INJUNCTION<br><br>(ECF No. 66) |

Plaintiff Susan Mae Polk ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2011. On October 22, 2012, the Court issued an order regarding Plaintiff's second amended complaint. The order dismissed certain claims and defendants and directed Plaintiff either to file an amended complaint or notify the Court that she is willing to proceed only against Defendants Keith, Logan, Gerber, and Mason for failure to protect in violation of the Eighth Amendment. (ECF No. 47.)

On May 14, 2013, Plaintiff's third amended complaint was filed pursuant to the Court's order. (ECF No. 73.) Upon review, Plaintiff's third amended complaint concerns events that transpired at Valley State Prison for Women. (ECF No. 73, p. 6.)

Pending before the Court is Plaintiff's application for a temporary restraining order and/or preliminary injunction filed on February 4, 2013. (ECF No. 66.) Plaintiff is currently housed at the

1

California Institution for Women ("CIW") in Chino, and seeks an order directing prison officials at CIW to allow her access to her legal materials and access to law library legal materials. (ECF No. 66, pp. 5-6.) Plaintiff's request is a form of injunctive relief.

As a threshold matter, Plaintiff must establish that she has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). Plaintiff "must show that [s]he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493, 129 S. Ct. at 1149 (citation omitted); Mayfield, 599 F.3d at 969.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this instance, Plaintiff's complaint arises out of the past conduct of prison officials while she was housed at Valley State Prison for Women. Plaintiff therefore lacks standing in this action to seek relief directed at remedying her current conditions of confinement at CIW.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application for a temporary restraining order or preliminary injunction, which was filed on February 4, 2013, be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **May 15, 2013**                   /s/ Barbara A. McAuliffe
                                                      UNITED STATES MAGISTRATE JUDGE