1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11  SUSAN MAE POLK,                          )  Case No.: 1:11-cv-00728-AWI-BAM PC
                                             )
12              Plaintiff,                    )  ORDER DENYING PLAINTIFF'S OBJECTIONS
                                             )  TO MAGISTRATE JUDGE'S ORDER DENYING
13        v.                                  )  PLAINTIFF'S MOTION TO DISQUALIFY
                                             )  MAGISTRATE FOR BIAS
14  PITTMAN, et al.,                         )  (ECF No. 75)
                                             )
15              Defendants.                   )
                                             )
16                                            )
                                             )
17  _____      )

18      **I.      Introduction**

19          Plaintiff Susan Mae Polk ("Plaintiff"), a state prisoner proceeding pro se and in forma

20  pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2011.  On June 18, 2012,

21  the Magistrate Judge screened Plaintiff's second amended complaint and issued findings and

22  recommendations regarding dismissal of certain claims and defendants.  (ECF No. 37.)  The district

23  court adopted the findings and recommendations on October 22, 2012.  (ECF No. 47.)  Plaintiff filed

24  an interlocutory appeal of the Court's order adopting the findings and recommendations and

25  dismissing certain claims and defendants.

26          On January 25, 2013, following dismissal of Plaintiff's interlocutory appeal for lack of

27  jurisdiction, Plaintiff filed a motion to disqualify Magistrate Judge Barbara A. McAuliffe based on a

28  disagreement with the Magistrate Judge's findings and recommendations.  (ECF No. 64.)  The

                                             1

1    Magistrate Judge denied the motion for disqualification on May 14, 2013.  (ECF No. 71.)  On May 23,

2    2013, Plaintiff filed the instant motion entitled "Objections to Magistrate's 5-13-13 Order Denying

3    Plaintiff's Motion to Disqualify Her for Bias; Motion for Reconsideration of Order Adopting

4    Magistrate's Findings & Recommendations."  (ECF No. 75.)  By the motion, Plaintiff objects to the

5    Magistrate's order denying the motion for disqualification and moves to reconsider the Court's

6    October 22, 2012 order adopting the findings and recommendations and dismissing certain defendants.

7    (ECF No. 75, p. 1.)

8         The Court construes Plaintiff's motion as one for reconsideration of (1) the Magistrate Judge's

9    May 13, 2013 order denying the motion for disqualification and (2) the Court's October 22, 2013

10   order adopting the findings and recommendations and dismissing certain claims and defendants.

11        **II.     Reconsideration**

12        Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies

13   relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and

14   is to be utilized only where extraordinary circumstances ..." exist.  Harvest v. Castro, 531 F.3d 737,

15   749 (9th Cir.2008) (internal quotations marks and citation omitted). The moving party "must

16   demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and

17   citation omitted).  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show

18   "what new or different facts or circumstances are claimed to exist which did not exist or were not

19   shown upon such prior motion, or what other grounds exist for the motion."

20        "A motion for reconsideration should not be granted, absent highly unusual circumstances,

21   unless the district court is presented with newly discovered evidence, committed clear error, or if there

22   is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present

23   evidence for the first time when they could reasonably have been raised earlier in the litigation."

24   Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009)

25   (internal quotations marks and citations omitted) (emphasis in original).

26   ///

27   ///

28   ///

2

1      A.  Order Denying Plaintiff's Motion to Disqualify Magistrate Judge for Bias

2          Plaintiff first seeks reconsideration of Magistrate Judge McAuliffe's order denying Plaintiff's

3 motion for disqualification.  Plaintiff argues that the Magistrate Judge exhibited bias in her findings

4 and recommendations related to mental health evaluation and treatment.

5          "A judge is required to disqualify himself if his impartiality might reasonably be questioned, or

6 if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d

7 1034, 1045 (9th Cir.1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535,

8 110 L.Ed.2d 492 (1990). "The bias must stem from an extrajudicial source and not be based solely on

9 information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d

10 1334, 1341 (9th Cir.1984)). "'Judicial rulings alone almost never constitute a valid basis for a bias or

11 partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.2004) (quoting Liteky v.

12 United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). "'In and of themselves...,

13 they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest

14 circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial

15 source is involved.'" Id.

16          Plaintiff's disagreement with the Magistrate Judge's findings and recommendations is not a

17 legitimate ground for seeking recusal or disqualification.  The Magistrate Judge's findings were not

18 derived from any extrajudicial source regarding mental health evaluation or treatment of Plaintiff.

19 Rather, they were based solely on information contained in Plaintiff's second amended complaint and

20 supporting exhibits.  Plaintiff's disagreement with the order denying disqualification also is not

21 sufficient to support a motion for reconsideration.

22      B.  Order Adopting Findings and Recommendations, Dismissing Certain Claims and

23          Defendants and Granting Leave to Amend

24          Plaintiff also seeks reconsideration of the October 22, 2012 order adopting the Magistrate

25 Judge's findings and recommendations and dismissing certain claims and defendants.  However, as

26 noted above, mere disagreement with the findings and recommendations is not sufficient to support

27 reconsideration.

28

More importantly, Plaintiff has filed a third amended complaint, which supercedes the second amended complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Upon review, it is evident that Plaintiff's third amended complaint names defendants and claims that were previously dismissed by the Court in its October 22, 2012 order.  Plaintiff's request for reconsideration of the Court's prior order is now moot, and the third amended complaint shall be screened in due course pursuant to 28 U.S.C. 1915A.

**III.     Conclusion and Order**

Based on the foregoing, Plaintiff's motion for reconsideration is DENIED with prejudice.

IT IS SO ORDERED.

Dated:    November 25, 2013                    _____

                                                    SENIOR  DISTRICT  JUDGE