# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PITTMAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00728-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION<br><br>(ECF Nos. 66, 74) |

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is currently proceeding on Plaintiff's third amended complaint, filed on May 14, 2013, concerning events that allegedly transpired at Valley State Prison for Women.

On May 15, 2013, the Magistrate Judge issued Findings and Recommendations that Plaintiff's application for a temporary restraining order or preliminary injunction be denied. The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within thirty days after service. On June 13, 2013, Plaintiff filed objections.

In her objections, Plaintiff challenges the Magistrate Judge's determination that she lacked standing to pursue an her request for an order directing prison officials at the California Institution for Women ("CIW") to allow her access to her legal materials and access to law library materials. The Magistrate Judge found that Plaintiff lacked standing to pursue such a request against officials at CIW because her claims in this action arise out of past conduct by prison officials at Valley State Prison for Women, not officials at CIW. (ECF No. 74, p. 2.)

Plaintiff now argues that her operative complaint includes a claim against Jeffrey Beard, Director of the California Department of Corrections and Rehabilitation ("CDCR"), regarding an

official policy of retaliating against inmates for reporting staff misconduct and inhumane conditions. Plaintiff asserts that the policy includes punishing her for complaining about inhumane conditions of confinement, including depriving her of access to her legal materials.  (ECF No. 77, pp. 2-3.) Plaintiff's claim of an "official policy" of retaliation implemented against her is conclusory at best and lacking factual support.  Thus, the Magistrate Judge's disregard of Plaintiff's claim that there is an official policy of retaliation was not error.  This conclusion is supported by Plaintiff's own exhibits attached to her objections, which includes official CDCR regulations directing that inmate access to courts shall not be obstructed and that staff shall not in any way retaliate against or discipline any inmate for initiating or maintaining a lawsuit.  (ECF No. 77, p. 11.)

Plaintiff next argues that the Magistrate Judge incorrectly rejected her request for injunctive relief on the ground that she lacks standing.  Plaintiff argues that the acts of retaliation are ongoing and she is therefore entitled to relief.  However, this matter is proceeding against defendants based on events at Valley State Prison that occurred before she filed this action.  The past conduct of defendants at Valley State Prison does not confer on this court jurisdiction to issue an order directed at prison officials at CIW.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on May 15, 2013, are adopted in full; and
2. Plaintiff's application for a temporary restraining order and/or preliminary injunction, filed on February 4, 2013, is DENIED.

IT IS SO ORDERED.

Dated: __November 25, 2013__           _____
                                        SENIOR  DISTRICT  JUDGE