UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>             Plaintiff,<br><br>     v.<br><br>PITTMAN, et al.,<br><br>             Defendants. | Case No.: 1:11-cv-00728-AWI-BAM PC<br><br>SCREENING ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

### I.    Screening Requirement

Plaintiff Susan Mae Polk ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2011. On October 22, 2012, the Court issued an order regarding Plaintiff's second amended complaint. The order dismissed certain claims and defendants as improperly joined and directed Plaintiff either to file an amended complaint or notify the Court that she was willing to proceed only against Defendants Keith, Logan, Gerber, and Mason for failure to protect in violation of the Eighth Amendment. (ECF No. 47.) Plaintiff's third amended complaint, filed on May 14, 2013, is currently before the Court for screening. (ECF No. 73.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations of Third Amended Complaint**

Plaintiff currently is incarcerated at the California Institution for Women.  Plaintiff's third amended complaint exceeds thirty pages, alleges claims against more than thirty named defendants and twenty doe defendants, and contains allegations regarding events spanning from her arrival at the Valley State Prison for Women in February 2007 through January 2012.  Plaintiff alleges conspiracy, denial of Equal Protection in violation of the Fourteenth Amendment, deliberate indifference to safety in violation of the Eighth Amendment, and denial of access to the Courts and retaliation under the First Amendment.  Plaintiff requests declaratory and injunctive relief, along with compensatory and punitive damages.

**III.    Deficiencies of Third Amended Complaint**

Plaintiff's third amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 18. Plaintiff was previously warned of the deficiencies in her complaint, with particular emphasis on the requirement that her complaint must comply with the applicable joinder rules. Despite the warning and the opportunity to pursue certain cognizable claims, Plaintiff opted to file a deficient third amended complaint. At this juncture, the Court will not expend its already scarce judicial resources parsing through Plaintiff's third amended complaint to determine which causes of action should proceed against which defendants. In an abundance of caution, Plaintiff will be given a final opportunity to amend her complaint. To assist Plaintiff, the Court provides the following pleading and legal standards that appear applicable to her claims. Plaintiff should carefully review the standards and amend only those claims that she believes, in good faith, are cognizable.

**A.  Pleading Standards**

**1.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint does not include a short and plain statement of her claims. Instead, Plaintiff's complaint exceeds thirty pages and details various events taking place between 2007 and 2012 and involves a multitude of defendants. If Plaintiff elects to amend her complaint, she must set forth a short and plain statement of the claims against each defendant, rather than a narrative of her incarceration at Valley State Prison for Women. As discussed more fully below, Plaintiff's claims against the individual defendants must comply with the rules for joinder of defendants.

///

### 2.     Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims against different defendants based on different events occurring at different times.  Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As noted, Plaintiff's complaint fails to comply with the rules regarding joinder of claims.  For example, Plaintiff appears to be pursuing claims against certain defendants for failure to protect her from harm while simultaneously pursuing claims against certain defendants for retaliation related to a purported mental health assessment and the Mental Health Services Delivery System.  Plaintiff may not pursue unrelated claims against unrelated defendants in this action.  If Plaintiff elects to amend her complaint, Plaintiff shall choose which claims she wishes to pursue in this action.  If Plaintiff does not do so and her amended complaint again sets forth unrelated claims which violate joinder rules, the Court may dismiss this action for failure to comply with court orders.

### 2.   Official Capacity and Eleventh Amendment

Plaintiff names defendants in their individual and official capacities.  However, the Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities.  Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).   Plaintiff may not bring claims for monetary damages against defendants in their official capacities.

///

///

///

**B. Legal Standards**

    **1. Conspiracy**

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir.2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir.1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir.2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir.1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has failed to allege any plausible facts supporting the existence of a conspiracy between defendants. Plaintiff's conclusory allegations are not sufficient.

    **2. Fourteenth Amendment – Equal Protection**

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against her based on membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Insofar as Plaintiff complains of verbal abuse and racially charged language, she does not state a cognizable claim. The Ninth Circuit generally holds that mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987).

///

///

### 3. Eighth Amendment – Deliberate Indifference to Safety

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). "[A] prison official can violate a prisoner's Eight Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

To prove a violation of the Eighth Amendment, Plaintiff must "objectively show that [s]he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety" and that there was "no reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

### 4. First Amendment – Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412–15, 122 S.Ct. 2179, 2185–87, 153 L.Ed.2d 413 (2002). A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis, 518 U.S. at 349–50. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. The Supreme Court rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. at 354 (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825–26, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898–

900 (9th Cir.1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

### 5. First Amendment - Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a civil rights claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a claim, a plaintiff must allege specific facts demonstrating that a defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

### 6. Declaratory Relief

Plaintiff seeks a declaration that her rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

///

### 7. Injunctive Relief

To the extent Plaintiff seeks injunctive relief regarding her conditions of confinement at Valley State Prison for Women, this request is moot. Plaintiff has been transferred to the California Institution for Women. A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir.1991) (per curiam). There is no indication that Plaintiff expects to be transferred back to Valley State Prison for Women. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1996).

### IV.     Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18. However, the Court will provide Plaintiff with a final opportunity to amend her complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

As Plaintiff must comply with Rules 8, 18 and 20, twenty-five pages shall be more than sufficient for Plaintiff to identify her claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's fourth amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's fourth amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's third amended complaint, filed May 14, 2013, is dismissed for violating Federal Rules of Civil Procedure 8, 18, and 20;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff's fourth amended complaint shall not exceed twenty five pages; and

5. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action may be dismissed for failure to comply with court orders</u>.

IT IS SO ORDERED.

Dated: **December 19, 2014**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE