1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| SUSAN MAE POLK, | )   1:11-cv-00728-AWI- BAM (PC) |
|        Plaintiff, | )<br>)   ORDER DENYING PLAINTIFF'S MOTION |
|    v. | )   FOR RELIEF FROM ORDER FINDING<br>)   PLAINTIFF'S OBJECTIONS UNTIMELY |
| PITTMAN, et al., | )   (ECF No. 93)<br>) |
|        Defendants. | )<br>) |
| | ) |

15

16        Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil

17   rights action filed pursuant to 42 U.S.C. § 1983.

18        On December 22, 2014, the Magistrate Judge screened Plaintiff's third amended

19   complaint pursuant to 28 U.S.C. § 1915A, and determined that it failed to comply with Federal

20   Rules of Civil Procedure 8 and 18.  The Magistrate Judge dismissed Plaintiff's third amended

21   complaint with leave to amend within thirty days.  (ECF No. 83.)

22        On January 22, 2015, Plaintiff requested an extension of time to March 26, 2015, to file

23   her amended complaint.  (ECF No. 84.)  On the same date, Plaintiff filed objections to the

24   Magistrate Judge's screening order dismissing the third amended complaint with leave to amend.

25   (ECF No. 85.)

26        On March 31, 2015, the Court denied Plaintiff's objections as untimely.  The Court

27   determined that Plaintiff filed her objections more than thirty days after service of the Magistrate

28

1   Judge's screening order, which was after the fourteen-day deadline set forth in Local Rule 303(b)

2   and Federal Rule of Civil Procedure 72.   (ECF No. 91.)

3        On April 8, 2015, Plaintiff filed the instant motion for relief from the Court's order

4   pursuant to Federal Rule of Civil Procedure 60.  Plaintiff requests that the Court vacate the order

5   denying her objections as untimely, arguing that she signed and mailed her objections to the

6   Court on January 8, 2015, fourteen days after receiving the Magistrate Judge's screening order

7   on December 25, 2014.  (ECF No. 93.)

8        Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just

9   terms, the court may relieve a party or its legal representative from a final judgment, order, or

10  proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . .

11  . ." This may include mistake and inadvertence by the court.[1]  *See Kingvision Pay-Per-View Ltd.*

12  *v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

13       Plaintiff argues that the Court mistakenly determined that she filed her objections on

14  January 22, 2015.  According to the record, the Magistrate Judge issued a screening order

15  dismissing Plaintiff's third amended complaint with leave to amend on December 22, 2014.

16  (ECF No. 83.)  Based on a service date of December 22, 2014, Plaintiff's objections, if any, were

17  due on or before January 8, 2015 (14 days, plus 3 for mailing).  Fed. R. Civ. P. 6(d) (adding three

18  days after certain kinds of service); 72(a) (objections filed within fourteen days); Local Rule 303.

19  Plaintiff asserts that she signed and mailed her objections on January 8, 2015, and thus her

20  objections were timely.

21       Generally, the Court applies the mailbox rule to section 1983 filings.  *Douglas v. Noelle*,

22  567 F.3d 1103, 1107 (9th Cir. 2009).  According to the mailbox rule, a prisoner's pleading or

23  other paper is deemed filed at the time he or she delivers it to prison authorities for forwarding to

24  the court clerk.  *Id.* at 1106 (quoting *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101

25  L.Ed.2d 245 (1988).  Plaintiff correctly points out that her objections are signed and dated

26  January 8, 2015.  (ECF No. 85, p. 20.)  However, the record does not allow the Court to

27  _____

28  [1]  Plaintiff alternatively moves for relief pursuant to Rule 60(a) or 60(b).  Rule 60(a) relates to clerical mistakes, oversights or omissions.  The Court finds that Plaintiff's motion is directed at the Court's purported mistake regarding the filing of date of Plaintiff's objections and is more appropriately addressed by Rule 60(b).

1    determine the date on which the filing was turned over to prison authorities.  *Caldwell v. Amend*,

2    30 F.3d 1199, 1202 (9th Cir. 1994).  First, there is no evidence in the objections themselves

3    demonstrating that the document was delivered to prison authorities for mailing on January 8,

4    2015, such as a proof of service.  (ECF No. 85.)  Second, in her moving papers, Plaintiff offers

5    no evidence demonstrating when the document was delivered to prison authorities for mailing.

6    Although Plaintiff provides her sworn statement that she handed the objections to a guard for

7    placement in the internal mail system on January 8, 2015, she does not identify the guard or

8    provide any other details or support for her claim, such as a prison mail log or declaration from

9    the guard or other witness.  (ECF No. 93, p. 6.)  Third, and finally, circumstantial evidence

10   suggests that Plaintiff did not deliver her objections for mailing until, at the very earliest, January

11   15, 2015.  According to the record, the Clerk of the Court received not only Plaintiff's

12   objections, but also her motion to extend time to file a fourth amended complaint on January 22,

13   2015.  Plaintiff's motion for an extension of time was signed and dated January 15, 2015.  (ECF

14   No. 84, p. 11.)  As both documents were received by the Clerk on the same date, the evidence

15   suggests that Plaintiff's objections and motion were sent to the Court at the same time, but not

16   before January 15, 2015.  Thus, Plaintiff's objections were untimely.

17          Even assuming that Plaintiff's objections were timely, which they were not, this Court

18   has conducted a de novo review of this case in accordance with the provisions of 28 U.S.C. §

19   636(b)(1)(C). Having reviewed the entire file, particularly Plaintiff's objections, the Court sees

20   no reason to depart from the reasoning or outcome of the Magistrate Judge's findings and

21   recommendations (ECF No. 83) as adopted by this Court (ECF No. 91).

22          For these reasons, Plaintiff's motion for relief from the order finding her objections

23   untimely, filed on April 8, 2015, is HEREBY DENIED.

24

25   IT IS SO ORDERED.

26   Dated:   July 6, 2015

27                                              SENIOR  DISTRICT  JUDGE

28

3