# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>   Plaintiff,<br><br>   v.<br><br>PITTMAN, et al.,<br><br>   Defendants. | 1:11-cv-00728-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO JOIN CLAIMS AND DEFENDANTS UNDER F.R.C.P. RULE 18(a)<br><br>(ECF No. 87) |

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to join claims and defendants under Federal Rule of Civil Procedure 18(a). (ECF No. 87). Plaintiff requests the joinder of the defendants and claims from Polk v. Lattimore, et al., Case No. 12-cv-1156-DAD-BAM, and Polk v. Godina, et al., Case No. 12-cv-1094-LJO-BAM, to this action.

Regarding the defendants and claims from Polk v. Godina, et al., that case was dismissed with prejudice on November 16, 2015, and judgment was entered accordingly on that same date. (ECF Nos. 48, 49). As a result, Plaintiff's request is moot.

Regarding the defendants and claims from Polk v. Lattimore, et al., the court does not find joinder appropriate here at this time. Plaintiff cites to Federal Rule of Civil Procedure 18(a) in support of her request. Generally, a party asserting a claim may join as many claims as it has against an opposing party. Fed. R. Civ. P. 18(a). This rule does not apply here, however, where

1

Plaintiff seeks to add defendants that are not currently a part of this action. Joinder of parties, as Plaintiff seeks, is governed under Rules 19 and 20.

Pursuant to Rule 19, parties are required to be joined if, amongst other reasons, "in that person's absence, the court cannot accord complete relief among existing parties." Id. 19(a)(1). Plaintiff has not demonstrated how the individuals she seeks to join are indispensable parties to this action. "Complete relief" refers to relief between persons who are already parties, not between the party and the absent person whose joinder is sought. Eldrege v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm., 662 F.2d 534, 537 (9th Cir. 1981). Thus, the above individuals are not required to be joined in this action.

Rule 20, permissive joinder, allows for persons to be joined as defendants if any right to relief asserted against them arises out of the same transaction or occurrence. Fed. R. Civ. P. 20(a)(2). The Court does not find permissive joinder appropriate at this time. Plaintiff bases her request for permissive joinder on the fact that she has alleged a conspiracy by the defendants in this case and by the defendants in Polk v. Lattimore, et al. However, in each of the cases Plaintiff seeks to join, the complaints are still being screened. Thus far, the courts have not found any claim for conspiracy has been stated in her complaints. Nor has Plaintiff shown that the alleged conspiracies are connected in any way.

For these reasons, Plaintiff's motion for to join claims and defendants under Rule 18(a) (ECF No. 87) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 29, 2015**              /s/ *Barbara A. McAuliffe*   _
                                            UNITED STATES MAGISTRATE JUDGE