1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| SUSAN MAE POLK, | ) | 1:11-cv-00728-DAD-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PROPOSED |
| | ) | INTERVENORS' MOTION TO |
| v. | ) | INTERVENE AS PLAINTIFFS WITH |
| | ) | NEWLY DISCOVERED EVIDENCE |
| PITTMAN, et al., | ) | UNDER FED. R. CIV. P. 24(a) and (b) |
| | ) | |
| Defendants. | ) | (ECF No. 96) |
| | ) | |
| | ) | |

15

16      Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil

17 rights action filed pursuant to 42 U.S.C. § 1983.  Currently before the Court is a motion by

18 Natavia Lowery, Wayne Albright, Amber Lambert, Sarah Pender, Ann Arias, and Desa Holmes

19 (collectively, "Proposed Intervenors") to intervene in this action as plaintiffs under Federal Rule

20 of Civil Procedure 24(a) and (b). (ECF No. 96.) In the motion, the Proposed Intervenors state

21 that they will "provide questions of laws and facts that are common in this action in support of

22 Plaintiff Susan Mae Polk's claims" and will provide evidence which relates to this litigation. (Id.

23 at 1-2.) They provide no further evidence or argument in support of their motion.

24      Federal Rule of Civil Procedure 24 provides for two types of intervention—intervention

25 as of right and permissive intervention. Under Rule 24(a)(1), the court must permit anyone to

26 intervene in litigation when a federal statute confers an unconditional right to intervene. Fed. R.

27 Civ. P. 24(a)(1). That rule is neither invoked nor applicable here.

28 ///

1

Rule 24(a)(2) provides for intervention as of right to intervenors who seek to protect an interest in property or a transaction that is the subject of an action, provided certain requirements are met. Fed. R. Civ. P. 24(a)(2). The Ninth Circuit has held that to intervene as of right under this provision of the rule, a prospective intervenor must: (1) file a timely motion; (2) identify a significant protectable interest relating to the property that is the subject matter of the action; (3) suffer practical impairment of an interest if intervention is not granted; and (4) be inadequately represented by existing parties. <u>Arakaki v. Cayetano</u>, 324 F.3d 1078, 1083 (9th Cir. 2003). Failure to satisfy any of these requirements is fatal to a motion to intervene. <u>Perry v. Proposition 8 Official Proponents</u>, 587 F.3d 947, 950 (9th Cir. 2009).

The Proposed Intervenors do not satisfy these requirements for intervention as of right, as this action does not concern the disposition of any property or transaction. Nor have the Proposed Intervenors identified any such protectable property interest, or shown that they will suffer any impairment in protecting that interest if they are not allowed to intervene. Thus, the Prospective Intervenors have no grounds for intervening as of right in this case.

Rule 24(b) provides for permissive intervention. Fed. R. Civ. P. 24(b). The Ninth Circuit has held that a court may grant permissive intervention when the prospective intervenor: (1) files a timely application; (2) shares a common question of law or fact with the main action; and (3) the court has an independent basis for jurisdiction over intervenor's claims. <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998). Unlike intervention as of right, even if all three requirements are satisfied, the district court has discretion to deny permissive intervention. <u>Id</u>. Further, Rule 24(c) provides that a motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

The Prospective Intervenors have satisfied none of these requirements for permissive intervention in this case. They provide no information regarding the grounds for their motion, other than conclusory assertions that they "will provide" common questions of law and fact with the Plaintiff's claim. The Court has no way to analyze these assertions, as the Prospective Intervenors' motion is not accompanied by any separate pleading or other document explaining

the basis for these assertions. The Prospective Intervenors' unsupported assertion that they have relevant evidence to this case also does not satisfy the requirements for permissive intervention. They do not have to intervene to be potential witnesses.

For these reasons, the Prospective Intervenors' motion to intervene as plaintiffs in this action (ECF No. 96) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **January 4, 2016**                    /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE