# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>    Plaintiff,<br><br>    v.<br><br>PITTMAN, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00728-DAD-BAM PC<br><br>ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH RULE 8 AND 18 AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>ECF No. 98, 108<br><br>FOURTEEN-DAY DEADLINE |

### I.    <u>Screening Requirement</u>

Plaintiff Susan Mae Polk ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2011. On December 22, 2014, the Court issued an order regarding Plaintiff's third amended complaint. The order dismissed Plaintiff's third amended complaint, filed May 14, 2013, for violating Federal Rules of Civil Procedure 8, 18, and 20. (ECF No. 83.) Following multiple extensions of time, resolution of objections and various motions, Plaintiff's fourth amended complaint, filed on June 15, 2015, and

Plaintiff's motion to supplement the complaint, filed October 17, 2016, are currently before the Court. (ECF No. 98, 108.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Allegations of Fourth Amended Complaint

Plaintiff currently is incarcerated at the California Institution for Women. Plaintiff's fourth amended complaint alleges claims arising at Valley State Prison for Women against more than forty named defendants who are sued in both their official and individual capacities. Like the dismissed third amended complaint, the fourth amended complaint contains allegations regarding events

spanning the time from Plaintiff's arrival at the Valley State Prison for Women in February 2007 through January 2012. Plaintiff alleges a civil conspiracy between unnamed County prosecutor, County sheriff and other Contra Costa County officials in her underlying conviction in 2007 and the correctional officials named in this action for interfering with her efforts to overturn her conviction. Plaintiff complains about an excessive force incident, failure to protect on August 29, 2003 and subsequent conspiracy and false reporting. (ECF No. 98, p.12.)

In Claims 1-3 of the fourth amended complaint, Plaintiff alleges a jumble of incidents, actors and harms which continued over the entire time period of 2007 to 2012. Plaintiff complains about numerous incidents during this time period: multiple improper housing classifications, falsified classifications reports, cell mate injuries to her, failing to protect against those injuries, officials using old erroneous probation reports against her, officials claiming she had a mental disorder, threatened to be put her in a mental hospital, retaliated against by writing her up and called delusional, conspiracy by the Jewish mafia,[1] officials denying her legal mail, improper transfer to a different institution, an overarching conspiracy to cover up and retaliate in thwarting litigation challenging her conviction and for filing grievances, extorting Plaintiff to hire an official's friend as a lawyer, falsified write ups, disregarding regulations, forcing her to wear a snitch jacket, improper and lack of due process hearings, and cover-ups of the cover-ups, among many other purported wrongs by over 40 different defendants. Plaintiff complains about numerous incidents of being housed with incompatible cellmates who tried or who did harm her during various years of her incarceration, and that various officers ignored her safety concerns. Classification decisions were made which ignored her safety concerns. Plaintiff alleges conspiracy, deliberate indifference to safety in violation of the Eighth Amendment, and denial of access to the Courts and retaliation under the First Amendment, among the potential claims. Plaintiff requests declaratory and injunctive relief, along with compensatory and punitive damages.

In her motion to supplement the complaint (Doc. 108, 109), Plaintiff seeks to add a new claim for retaliation and a new defendant for conduct which occurred after the filing of the third amended

---

[1] She was in danger because her deceased husband's friends were Jewish mafia. (ECF No. 98, p.17.)

complaint. In her proposed supplement, Plaintiff alleges that in 2012, the Associate Warden Scott, Acting Sgt. Mason and Lt. Montoya escalated a campaign of harassment and retaliation for Plaintiff's pursuit of grievances and litigation described in the Claims 1-3, denied her mail, refused to process legal mail, denied her law library access, falsified write-ups, refused to recognizing her right to Fifth Amendment privilege in response to write ups, failed to protect her from threats of physical harm by inmates, among other allegations.

### III. Discussion

#### A. The Fourth Amended Complaint fails to Comply with Federal Rule of Civil Procedure 8 and 18

In multiple prior screenings, Plaintiff was informed of the requirements of Rule 8. Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557. If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177–79 (9th Cir.1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

In addition to Rule 8 violations, as plaintiff was previously informed in multiple screenings, Plaintiff complaint continues to violate Rule 18. Plaintiff is raising numerous claims against different defendants based on different events occurring at different times. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley,

635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's fourth amended complaint does not include a short and plain statement of her claims within the requirements of joinder. It is yet again a rambling recitation of the ills she has purportedly suffered while incarcerated. Plaintiff's complaint details various events taking place between 2007 and 2012 and involves a multitude of defendants. Plaintiff has reorganized and listed "claims," but the rambling, disorganized nature of the facts and failure to identify specific incidents (as opposed to every incident) she seeks to address. Rather, the fourth amended complaint seeks to address nearly every conceivable civil rights violation possible under section 1983. See Polk v. Beard, No. EDCV 13-1211-BRO, 2014 WL 4765611, at *4 (C.D. Cal. June 20, 2014) ("Although plaintiff's SAC again has been rearranged and plaintiff now purports to set forth her factual allegations within each of separate "claims," the scope, verbosity, disorganization, and incoherence of her factual allegations remain unaltered."), report and recommendation adopted, No. EDCV 13-1211-BRO RNB, 2014 WL 4757503 (C.D. Cal. Sept. 24, 2014), aff'd, No. 14-56884, 2017 WL 2839502 (9th Cir. July 3, 2017). As did the third amended complaint, Plaintiff's fourth amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 18.

Plaintiff has not followed the Court's orders in curing the pleading deficiencies. For instance, the fourth amended complaint continues to name defendants in both individual and official capacities. Plaintiff has been warned that defendants cannot be sued in their official capacity for monetary damages. Plaintiff's conclusory allegations of an overarching conspiracy among the forty or so defendants, and with unnamed prosecutors/probation officers, etc., to deprive Plaintiff of her constitutional rights fail to state a plausible claim. Plaintiff does not purport to set forth any factual

5

allegations from which any reasonable inference could be drawn to support the existence of such a wide ranging "conspiracy." She was provided the standards for alleging a conspiracy and has been unable or unwilling to comply.

Further, while the fourth amended complaint "groups" together some defendants and alleges some facts as to them, these allegations fail to comply with Rule 8 and 18. It is impossible to tell what she alleges are her wrongs, aside from the entirety of her contacts with each defendant. For instance, in Claim 1, which is entitled "Defendants conspired to deprive plaintiff of her civil right including but not limited to her right to petition government for redress of her grievances," Plaintiff alleges more than just denial of access. She alleges that defendants Scott, Radcliffe, Brown, Furbert, Henry, Cogan, E. Keith, B. Davis, Kunkel, Neumann, Eichenberger and Yanders conspired with Contra Costa County to (1) thwart litigation challenging my conviction and malicious prosecution, false imprisonment, policy brutality and defamation suit, (2) cover-up their misconduct and that of their CDCR and county colleagues and (3) retaliate against me for pursuing grievances. (ECF No. 98, p.15.) But the allegations within this claim are not limited to facts related to denial of access to the court. Included within this claim are factual allegations of failure to protect from an assault, erroneous classification, falsified reports, failure to protect, failure to comply with CDCR regulations, and a multitude of other allegations of purported wrongdoing. Indeed, it is impossible to determine which facts apply to which claim or which defendant because Plaintiff incorporates by reference everything else in the complaint. (ECF No. 98, p. 15 ("I reallege and incorporate by reference the foregoing sections.")) The remainder of the complaint is similarly defective. Each claim includes unrelated and factually dissimilar claims such as failure to protect, retaliation, interference with court access, to name just a few potential claims. Buried within each "claim" are factual recitations of unrelated harms by defendants, rather than a short plain statement of the incident at issue. And again, to complicate the determination of cognizable claims, Plaintiff "incorporates by reference" each prior sections' factual allegations.

The Court has made a diligent attempt to parse the lengthy diatribe of her incarceration into cognizable claims. It is not, however, the Court's responsibility to ferret out cognizable claims. "The Court is not obligated to endlessly sift through plaintiff's rambling, confusing, repetitive factual

allegations in an attempt to construct cognizable claims on plaintiff's behalf. Polk v. Beard, No. EDCV 13-1211-BRO, 2014 WL 4765611, at *5 (C.D. Cal. June 20, 2014), report and recommendation adopted, No. EDCV 13-1211-BRO RNB, 2014 WL 4757503 (C.D. Cal. Sept. 24, 2014), aff'd, No. 14-56884, 2017 WL 2839502 (9th Cir. July 3, 2017). "It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims." Pianka v. Unknown Palmer, 2014 WL 6983337, *2 (D. Ariz. 2014). Plaintiff was previously notified of the applicable legal standards and the deficiencies in her pleading, and despite guidance from the Court, Plaintiff's fourth amended complaint contains fundamental deficiencies. Based upon the allegations in Plaintiff's original complaint, first amended complaint, second amended complaint, and third amended complaint, the Court is persuaded that Plaintiff is unable to allege facts to satisfy Rule 8 and 18.

The Court acknowledges that in pro se complaints, the complaint is to be liberally construed. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir.2013). Moreover, the Court acknowledges that it is particularly important in a civil rights case filed by a pro se inmate to attempt to ascertain plaintiff's claims to protect her access to the courts. See Blaisdell, 729 F.3d at 1241 (the rule that courts liberally construe filings by pro se litigants, especially in civil rights cases filed by inmates, "relieves pro se litigants from the strict application of procedural rules"); Pouncil v. Tilton, 704 F.3d 568, 575–76 (9th Cir.2012) (the rule of liberal construction "protects the rights of pro se litigants to self-representation and meaningful access to the courts"), cert. denied, ––– U.S. –––, 134 S.Ct. 76, 187 L.Ed.2d 30 (2013).

Plaintiff has been repeatedly warned of the deficiencies in her complaint, with particular emphasis on the requirement that her complaint must comply with the applicable joinder rules. Despite the warning and the opportunity to pursue certain cognizable claims, Plaintiff opted to file a deficient fourth amended complaint. At this juncture, the Court will not expend its already taxed and scarce judicial resources parsing through Plaintiff's fourth amended complaint to determine which causes of action should proceed against which defendants.

///

///

**B. Futility of Amendment**

In dismissing a Complaint for failure to obey a court order, or for gross pleading deficiencies, which is what Rules 8 encompasses, the Ninth Circuit has generally held that "a district court should grant leave to amend even if no request to amend was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. U.S., 58 F.3d 494, 497 (9th Cir. 1995) quoting Cook, Perkiss & Liehe v. N. Cal. Collection Service, 911 F.2d 242, 247 (9th Cir. 1990). However, the policy of freely allowing a motion to amend is overcome by situations in which there has been undue delay, bad faith, prejudice, and futility. Harris v. Secretary of Housing and Urban Development, 2014 WL 6060171 *11 (E.D. Cal. Nov. 12, 2014); see Cal. Architectural Bldg. Prod., Inc. v. Francisan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir. 1988). In any event, the court does not have to allow futile amendments. In fact, the Ninth Circuit held in Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) cert. denied 464 U.S. 822 (1983), that "futile amendments should not be permitted." (Emphasis added.). A district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, the Court finds that allowing Plaintiff to amend, yet again, would be a futile act. Plaintiff has repeatedly failed to state a claim in the manner required by Federal Rule of Civil Procedure (8)(a) or Rule 18 despite specific and repeated guidance by the Court. The Court instructed Plaintiff that she may not bring unrelated claims and must allege a short plain statement of her claims. District courts have particularly broad discretion to dismiss without leave to amend based on futility where a plaintiff has amended once already. Here, the Court offered Plaintiff repeated guidance and provided Plaintiff with legal standards, yet Plaintiff either refused to or otherwise is unable to comply with the Court's orders. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009). Plaintiff is either unwilling or unable to follow the Court's instructions despite having had three efforts to plead in compliance.

///

///

**C. Factors to Determine Whether to Dismiss**

Fed.R.Civ.P. 41(b) accords a district court the discretion to dismiss a plaintiff's action because of his or her failure to prosecute, to comply with any order of the court, or to comply with the Federal Rules of Civil Procedure. See, e.g., Hearns v. San Bernardino Police Dep't., 530 F.3d 1124, 1129 (9th Cir. 2008). In determining whether to dismiss an action for failure to comply with a court order or Rule 8, a court "must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986)).

The Court finds that the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh strongly in favor of dismissal. Plaintiff, in three amended pleadings, has been unable to comply with requisite pleading standards. The Court provided Plaintiff with a detailed explanation of the deficiencies of her claims and apprised of the legal standards for stating a claim on which relief may be granted. Each time the Court screened a complaint, Plaintiff filed extensive objections or other motions (See e.g. ECF No. 25, 26, 28, 29, and ECF No. 85, 86-89, 93). After the panoply of Plaintiff's objections and motions were considered and determined and Plaintiff filed the next-in-line amended complaint, that amended complaint entirely failed to remedy the deficiencies of her earlier pleading as required by court order, resulting in another round of Court screening and a battery of Plaintiff's objections and accompanying motions. The Court does not find that an additional opportunity to amend the complaint would remedy any of the deficiencies of the complaint. Many other litigants compete for the Court's attention in order to reach "the just, speedy and inexpensive determination of every action and proceeding" as Federal Rule of Civil Procedure 1 mandates. Continued maintenance of this action diverts needed resources from other cases in need of equal attention.

The third factor—prejudice to defendants—also weighs in favor of dismissal. Although no defendants have yet appeared in this action, the Ninth Circuit has recognized that "[p]rolix, confusing

complaints ... impose unfair burdens on litigants and judges." See McHenry, 84 F.3d at 1179; see also, e.g., Cafasso v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir.2011) (finding denial of leave to amend a complaint that was extraordinarily prolix was within the district court's discretion and that the lengthy pleading would prejudice the opposing party because it would "burden her adversary with the onerous task of combing through a 733–page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated"). Here, Plaintiff has been granted multiple opportunities to amend, given legal standards, yet continues to name over 40 different defendants for discrete and unrelated acts in pleadings which are convoluted and disjoined.  The Court finds that permitting Plaintiff to proceed with her claims would place an unfair burden on defendants in discerning which of Plaintiff's claims they must respond to and which defendant is responsible for which wrongful act.

The third factor -- public policy of disposition of cases on their merits -  runs against the dismissal.  But, standing alone, it is insufficient to overcome the benefits to the action proposed. See, e.g., See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (even if two factors weigh against dismissal, "they would not outweigh the other three factors that strongly support dismissal") (citing Malone v. United States, 833 F.2d 128, 133 n. 2 (9th Cir.1987) (noting that, although the fourth factor weighed against dismissal, "it is not sufficient to outweigh the other four factors, which in this case support dismissal")).

The fifth factor - the availability of less drastic alternatives - weighs strongly in favor of dismissal.  The only other alternative to dismissal is to dismiss the complaint without prejudice and allow plaintiff to amend one more time. The Court has given Plaintiff the legal standards for the purported claims and addressed each of her many objections, motions, and clarifications. The Court has granted nearly all of Plaintiff's requests for extensions of time to amend her pleading.  Given the history of this case, and the pleading choices of the Plaintiff to date, it is clear that Plaintiff has failed to amend her pleading in any substantive manner to comply with the Court's orders and to advance the case beyond the mere complaint level.  Rather, Plaintiff has advanced pleadings in a manner guaranteed to invite additional delay and motion practice, with the attendant resource-zapping use of judicial resources, favors the Court's recommendation to dismiss the case with prejudice. Thus,

granting plaintiff yet another opportunity to amend her pleading would be futile. See Desoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Taylor v. Wells Fargo Bank, N.A., 2015 WL 925741 (E.D. Cal. Feb. 27, 2016).

As noted by one court, in referring to this particular Plaintiff: "plaintiff's history of litigation in other cases supports the dismissal of this action with prejudice. Plaintiff has filed a number of other federal civil rights actions raising claims against state and local officials in which, as she has herein, she has engaged in a pattern of disputing judicial orders, filing meritless motions, and failing to comply with court orders and the Federal Rules of Civil Procedure." Polk v. Beard, No. EDCV 13-1211-BRO, 2014 WL 4765611, at *9 (C.D. Cal. June 20, 2014) (compiling cases), report and recommendation adopted, No. EDCV 13-1211-BRO RNB, 2014 WL 4757503 (C.D. Cal. Sept. 24, 2014), aff'd, 2017 WL 2839502 (9th Cir. July 3, 2017). Thus, four of the five factors weigh strongly in favor of dismissal. These factors, coupled with Plaintiff's litigation history in this warrants dismissal of this action with prejudice.

### IV. Conclusion and Order

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to supplement the complaint be denied as moot; and

2. This action be DISMISSED with PREJUDICE pursuant to Rule 41(b) for failure to comply with Rule 8 and 18 and for failure to follow Court orders.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 8, 2017**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

11

12