UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>  Plaintiff,<br><br>  v.<br><br>PITTMAN, et al.,<br><br>  Defendants. | No. 1:11-cv-00728-DAD-BAM<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60<br><br>(Doc. No. 117) |

On September 21, 2017, plaintiff moved the court for relief from judgment under Rule 60(b), once again criticizing the assigned magistrate judge for a delay in the screening of her complaint, for exaggerating the size of the plaintiff's prior pleadings, for falsely accusing plaintiff of anti-Semitism, for drawing credibility determinations in defendants' favor, and numerous other alleged errors. (Doc. No. 117.)

Among other provisions, Rule 60 allows the court, "[o]n motion and just terms," to "relieve a party or . . . from a final judgment, order, or proceeding," for "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). Rule 60(b)(6)'s catch-all provision is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham &*

1

*Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). Generally, relief under Rule 60 will be available only in three instances: "1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Moreover, "[a] motion for reconsideration is not a vehicle to reargue the motion." *Id.* (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992)).

      Here, it is clear plaintiff disagrees with both the magistrate and district judge's assessments of her complaint. However, the court finds plaintiff has presented no persuasive reason to grant relief under Rule 60. Accordingly, plaintiff's motion for relief from judgment (Doc. No. 117) is denied.

IT IS SO ORDERED.

Dated: **October 5, 2017**

                                                    UNITED STATES DISTRICT JUDGE